Filed 11/6/15  P. v. Quinn CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DAVID MATTHEW QUINN,<br><br>    Defendant and Appellant. | G050970<br><br>(Super. Ct. No. 12HF1091)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, David A. Hoffer, Judge.  Affirmed as modified.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Elizabeth M. Carino, Deputy Attorneys General, for Plaintiff and Respondent.

On the night of April 20, 2012, defendant David Matthew Quinn physically attacked another man at a nightclub. A jury convicted defendant of battery with serious bodily injury. (Pen. Code, § 243, subd. (d).) Defendant admitted allegations that he had suffered a prior strike (Pen. Code, §§ 667, subds. (d), (e)(1), 1170.12, subds. (b), (c)(1)) and a prior serious felony (Pen. Code, §§ 667, subd. (a)(1), 1192.7). The court sentenced defendant to eight years in prison, consisting of the middle term of three years for battery and an additional five-year term based on the prior serious felony. The court exercised its discretion by dismissing the prior strike in the interest of justice. The court also imposed a protective order pursuant to Penal Code section 136.2, ordering defendant to stay away from and have no contact with the victim for five years. The order was not issued under Penal Code section 136.2, subdivision (i).

Defendant's only contention on appeal is that the court erred by imposing the protective order. Defendant notes that this type of order cannot be imposed at sentencing when the defendant is sentenced to prison. (See, e.g., *People v. Ponce* (2009) 173 Cal.App.4th 378, 381-386; *People v. Stone* (2004) 123 Cal.App.4th 153, 158-161.) The Attorney General concedes that the protective order was unauthorized and requests that this court strike the protective order.

The protective order is stricken. In all other respects the judgment is affirmed.


IKOLA, J.

WE CONCUR:


FYBEL, ACTING P. J.


THOMPSON, J.


2